UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2017 JUN -9 PM 3:16
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JUAN PEREZ

    Plaintiff,

v.      Case No.: 6:17-cv-1058-ORL-37-KRS

KAI JIE INC. D/B/A CRYSTAL BUFFET,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, KAI JIE INC. D/B/A CRYSTAL BUFFET, a Florida Corporation, (hereinafter also referred to as "Defendant" or "Crystal Buffet"), and states as follows:

### *Introduction*

1. This is an action by the Plaintiff against his former employer for unpaid minimum wages, liquidated damages, and other relief under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida constitution; and for unpaid minimum wages, overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2. Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida and at all times material hereto the acts committed were committed in Brevard County, Florida.

Page 1 of 7

3. Defendant, KAI JIE INC. D/B/A CRYSTAL BUFFET, is a Florida Corporation, registered and conducting business in Brevard County, Florida.

4. Plaintiff resides in Brevard County, Florida, and has at all times material herein, resided in Brevard County, Florida.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

*General Allegations*

6. Plaintiff was an hourly employee of Defendant working at Crystal Buffet Restaurant who earned, but did not receive at least a minimum wage for each hour worked.

7. Plaintiff was a non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. At all times relevant, Defendant, CRYSTAL BUFFET, did business as a restaurant at 3160 W. New Haven Ave, Melbourne, FL 32904.

9. At all times relevant, Defendant, CRYSTAL BUFFET, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

10. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

*Compliance with Condition(s) Precedent Satisfied*

11. On May 2, 2017 Plaintiff, through counsel, sent Defendant his notice of intent to initiate a civil action for violations of the Florida Minimum Wage Act, pursuant to Florida Statute § 448.110(6)(a). The Notice of Intent is attached hereto as **"Exhibit A"**.

12. More than 15 calendar days have elapse since Defendant's receipt of the Florida Statute § 448.110(6)(a) Notice and they have failed to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of Plaintiff.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGE FLORIDA STATUE § 448.110

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 of this Complaint, as if set forth in full herein.

14. Plaintiff's May 2, 2017 notice explained that Plaintiff had worked for Defendant from November 2014 until December 2015.

15. During the term of his employment the plaintiff worked an average of 70 hours per week but was only compensated at a rate of $1,800.00 per month, this equates to an hourly rate of $5.98 per hour.

16. During Plaintiff's term of employment Florida's minimum wage was $7.93 in 2014 and $8.05 in 2015, while the Federal Minimum Wage was $7.25.

17. During Plaintiff's term of employment he was paid at a rate well below Florida's minimum wage.

18. Defendant failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of Fla. Const Art X Sec 24.

19. Plaintiff was damaged by Defendant's failure to pay him Florida Minimum Wages.

20. As a result of the Defendant's willful violation of Florida Minimum Wage Act, Plaintiff is entitled to liquidate damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    a.    Judgment for unpaid minimum wages;

    b.    Liquidated damages in the same amount pursuant to Fla. Stat. 448.110(6)(c)(1).

    c.    An award of reasonable attorney's fees and all costs incurred herein pursuant to Fla. Stat. 448.110(6)(c)(1); and

    d.    All other damages to which Plaintiff may be entitled.

## COUNT II –RECOVERY OF UNPAID MINIMUM WAGE FLSA

21. Plaintiff re-alleges and incorporates paragraphs 1 through 12 of this Complaint, as if set forth in full herein.

22. Plaintiff's May 2, 2017 notice explained that Plaintiff had worked for Defendant from November 2014 until December 2015.

23. During the term of his employment the plaintiff worked an average of seventy (70) hours per week but was only compensated at a rate of $1,800.00 per month, this equates to an hourly rate of $5.98 per hour.

24. During Plaintiff's term of employment Federal Minimum Wage was $7.25.

25. During Plaintiff's term of employment he was paid at a rate well below Federal minimum wage.

26. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendant.

27. Defendant failed to pay Plaintiff the Federal Minimum Wage for all hours worked in violation of FLSA.

28. Plaintiff was damaged by Defendant's failure to pay him Federal Minimum Wage.

29. As a result of the Defendant's willful violation of FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid minimum wages;

    b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

    c. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    d. All other damages to which Plaintiff may be entitled.

## COUNT III – RECOVERY OF OVERTIME COMPENSATION FLSA

30. Plaintiff re-alleges and incorporates paragraphs 1 through 12 of this Complaint, as if set forth in full herein.

31. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

32. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

33. Plaintiff was paid an hourly rate of $5.98 per hour.

34. Plaintiff routinely worked in excess of forty (40) hours a week and only received his regular rate for the time worked.

35. Plaintiff worked on average seventy (70) hours per week.

36. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

37. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid overtime compensation;

    b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

    c. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    d. All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 6th day of June, 2017.

                              ARCADIER & ASSOCIATES, P.A.

                              */s/ Maurice Arcadier, Esquire*
                              Maurice Arcadier, Esquire
                              Florida Bar No. 0131180
                              Stephen Biggie, Esquire
                              Florida Bar No.: 0084035
                              Joseph C. Wood, Esquire
                              Florida Bar No.: 0093839
                              2815 W. New Haven, Suite 304

Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: arcadier@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075